IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-00182-GCM

| | |
|---|---|
| CONCORD WEST OF THE ASHLEY HOMEOWNERS' ASSOCIATION ET AL, ) ) ) Appellant, ) ) v. ) ) J.A. JONES, INC., AND ZURICH ) AMERICAN INSURANCE COMPANY, ) ) ) Appellees. ) | ORDER |

## BACKGROUND

Concord West of the Ashley Homeowners' Association, Inc. ("Concord West") now appeals the bankruptcy court's order denying its Motion for Relief from Stay to Pursue State Court Litigation against J.A. Jones, Inc. ("J.A. Jones" or "Debtor") f/k/a Metric Contractors, Inc. ("Metric"). Metric built the Ashley Knoll Apartments ("the Apartments") in the late 1990s, completing construction in 2000. In 2003, the Debtor filed for bankruptcy protection, and the Debtor's bankruptcy plan ("the Plan") was confirmed in 2004. During the Debtor's bankruptcy in 2004, the Apartments were sold to a developer that was not associated with the Debtor. In 2005, this new developer formed the Concord West of the Ashley Homeowners' Association, converted the Apartments into condominiums, and offered them for sale. Several years later, latent defects were discovered in the Concord West units, and Concord West filed a state court action to recover for damages. Concord West now wishes to add Metric—and therefore J.A. Jones—as a defendant in the state court action. Zurich American Insurance Company ("Zurich")

provided an insurance policy to J.A. Jones while the Apartments were being built, as such, Zurich might have a financial obligation under that policy. The Plan also contains a provision—the Zurich Bar Agreement—for dealing with Zurich Insured Unsecured Claim.

**STANDARD OF REVIEW**

The bankruptcy court's conclusions of law are reviewed *de novo* and its findings of fact are reviewed for clear error. *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001).

**DISCUSSION**

Concord West does not have a claim as defined by 11 U.S.C. § 101(5)(a); therefore, Concord is not subject to the Plan and can proceed with its state court action. Under § 101(5)(a), a "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(a). If a claim falls within § 101(5)(a), that claim can be subject to the Bankruptcy Code's discharge and stay provisions. Courts give § 101(5)(a) wide berth so "all legal obligations of the debtor, no matter how remote or contingent, will be . . . dealt with in the bankruptcy." *Grady v. A.H. Robins Co., Inc.*, 839 F.2d 198, 200 (4th Cir. 1988). With this concern for finality in mind, the Fourth Circuit uses the "conduct test" to determine when a "right to payment" arises under § 101(5)(a). *Georgetown Steel Co. LLC v. Capital City Ins. Co. (In re Georgetown Steel Co., LLC)*, 318 B.R. 313, 327 (Bankr. D.S.C. 2004).

The conduct test provides that a right to payment—or a claim—arises "when the conduct giving rise to the alleged liability occurred." *In re Piper*, 58 F.3d 1573, 1577 (11th Cir. 1995)

(citing *Grady*, 839 F.2d at 199). Roughly stated, prepetition conduct can give rise to a § 101(5)(a) claim, and post-petition conduct cannot. In *Grady*, for example, the debtor manufactured the Dalkon Shield I.U.D., one of which was implanted in a claimant before the debtor filed for bankruptcy. After the bankruptcy filing, the claimant manifested injuries that were allegedly caused by the I.U.D. The Fourth Circuit decided that a §101(5)(a) claim existed because the alleged tortious conduct—the insertion of the I.U.D.—occurred prepetition.[1]

The conduct test is only one among several tests used to determine whether a § 101(5)(a) claim exists; the prepetition relationship test is another. This test "requires some prepetition relationship, such as contact, exposure, impact, or privity, between the debtor's prepetition conduct and the claimant in order for the claimant to hold a § 101(5)(a) claim." *In re Piper*, 58 F.3d at 1577 (internal quotations omitted). In *In re Piper*, the Eleventh Circuit adopted a prepetition relationship test, holding that future claimants who were not in privity with the debtor could not have § 101(5)(a) claims.[2] *Id.* at 1577-78. The debtor in *Piper* built aircraft, some of which would likely crash after confirmation of the plan, injuring people and property, and some of these crashes would likely be caused by a manufacturing defect. *In re Piper (Piper I)*, 162 B.R. 619, 627 (Bkrtcy. S.D. Fla. 1994). There was, however, no way to identify who these injured parties would be; more importantly, some might not have been alive when the plan was confirmed and some, though alive, did not have a prepetition relationship with the debtor. *Piper I*, 162 B.R. at 625. If the court used only the conduct test, everybody on the planet and future generations could have been § 101(5)(a) claimants because of their "potential future exposure to

---

[1] When *Grady* was written, 11 U.S.C. § 101(5)(a) was codified as 11 U.S.C. § 101(4)(a).
[2] The Eleventh Circuit adopted a modified preexisting relationship test in *In re Piper*. Rather than drawing a line between prepetition and post-petition claims, the Eleventh Circuit created the "Piper test," drawing the line between pre-confirmation and post-confirmation claims. *In re Piper*, 58 F.3d at 1577. This distinction bears no consequence for Concord West because there was neither a prepetition nor pre-confirmation relationship.

any aircraft in the existing fleet." *Id*. This would engender "enormous practical and perhaps constitutional problems": How is notice given to an unborn child? How is notice given to all humanity thereby insuring due process? *Id.* at 627.

Contrary to Zurich's argument, the conduct test and prepetition relationship test are not mutually exclusive; rather, the prepetition relationship test is a threshold inquiry that, once passed, allows for analysis under the conduct test. *Id.* Zurich is correct that the Fourth Circuit has explicitly adopted the conduct test. Zurich, however, cites no case in which the Fourth Circuit repudiates the prepetition relationship test. Indeed, in all the cases Zurich cites to support its assertion that the conduct test controls in the Circuit, the debtor and claimant had a prepetition relationship. *Suntrust Bank v. Roberson (In re Baseline Sports, Inc.)*, 393 B.R. 105, 128 (Bankr. E.D. Va. 2008) (using conduct test where claimant provided prepetition loan to debtor); *In re US Airways*, 365 B.R. 624, 629-30 (Bankr. E.D. Va. 2007) (using conduct test where claimant was prepetition employee of debtor); *Moore v. Dept of Housing & Urban Dev. (In re Moore)*, 350 B.R. 650 (Bankr. W.D. Va. 2006) (using conduct test where claimant and debtor had prepetition relationship); *Georgetown Steel Co., LLC v. Capital City Ins. Co., Inc. (In re Georgetown Steel Co., LLC)*, 318 B.R. 313, 328-29 (Bankr. D.S.C. 2004) (using conduct test where claimant provided prepetition insurance to debtor); *Butler v. Nationsbank, N.A.*, 58 F.3d 1022, 1029 (4th Cir. 1995) (using conduct test where claimant provided prepetition banking services to debtor); *Grady*, 839 F.2d at 202-03 (4th Cir. 1988) (adopting conduct test where debtor manufactured I.U.D. that was inserted, prepetition, into claimant).

Concord West did not have a prepetition relationship with J.A. Jones or Metric; therefore, Concord West neither possess a § 101(5)(a) claim, nor is Concord's state court claim barred, stayed, or otherwise limited by the Plan. The relevant conduct giving rise to Concord

West's action was Metrics' construction of the Apartments, which were later converted into the Concord West condominiums. That construction ended in 2000. At that time, the Concord West Homeowners' Association did not exist, and the Concord West condominium buyers could not have conceived of their future purchases. At that time, Concord West and Metric had no relationship; nor did a relationship arise before the Plan was confirmed: the Plan was confirmed in late 2004 and the Concord West Homeowners' Association was created in late 2005—after which point the condominiums were sold. Because the parties' relationship did not predate the Plan's confirmation, Concord West cannot have a § 101(5)(a) claim, and Concord West cannot be subject to the Plan—including the Zurich Bar Provision.[3] Concord West's claim against Metric cannot be discharged, and its state court action cannot be barred or stayed.

The Court need not address whether Concord was given sufficient notice of the Plan or the confirmation hearing because Concord West does not have a § 101(5)(a) claim; notice was therefore unnecessary.

---

[3] Zurich suggests that Concord West takes "inconsistent positions" when Concord argues that it "should not be bound by the terms of the Plan . . . because they did not purchase their properties until the Plan was confirmed," while Concord also argues that its "damage claims should relate back to the coverage period of Zurich policies that expired . . . in 2003." (Appellee Br. 11.) The implication is that J.A. Jones' prepetition conduct is irrelevant for purposes of the conduct test, whereas J.A. Jones' prepetition conduct is relevant when deciding if the Zurich policies apply. This argument might be valid if the conduct test, and only the conduct test, dictated whether a §101(5)(a) claim exists. Concord West's "positions" are not, however, inconsistent under a joint prepetition relationship and conduct test regime. Concord West cannot be bound by the Plan because there was no prepetition relationship. But the absence of a relationship between Concord and J.A. Jones has no bearing on whether Zurich can avoid insurance coverage. Zurich agreed to insure J.A. Jones' pre-2004 conduct, and neither Zurich nor J.A. Jones adduced evidence that the policy in place during construction excluded claims by future claimants who had no present relationship with J.A. Jones.

The bankruptcy court's order is hereby REVERSED and Concord West can pursue a state court action against J.A. Jones f/k/a Metric.

Signed: January 12, 2010

Graham C. Mullen
United States District Judge